FILED: 1/13/2025 3:59 PM
David Trantham
Denton County District Clerk
By: Jacquelyn Kubach, Deputy

CAUSE NO. 25-0299-431

| | | |
|---|---|---|
| **RCR TELECON, LLC,** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| v. | § § | **__JUDICIAL DISTRICT** |
| **TILSON TECHNOLOGY MANAGEMENT INC.,** | § § § | |
| *Defendant.* | § | **DENTON COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff, RCR TELECON, LLC ("RCR") and file this Original Petition complaining of TILSON TECHNOLOGY MANAGEMENT, INC. ("TILSON"), and alleges as follows:

#### I. DISCOVERY CONTOL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 2.

**NOTICE OF PRODUCED DOCUMENTS.** Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant, is hereby notified that any and all documents and tangible things produced or delivered to the parties in this matter will be used by Plaintiff in all pre-trial, trial, and post-trial matters regarding this litigation.

#### II. CLAIM FOR RELIEF

2. The Plaintiff is seeking monetary damages of not less than $250,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

#### III. PARTIES



PLAINTIFF'S ORIGINAL PETITION   PAGE 1

3. Plaintiff, RCR Telecon, LLC, a Texas limited liability company, with its principal office in Denton County, Texas.

4. Defendant Tilson Technology Management, Inc. is a Maine Corporation, conducting business in Denton County, Texas, which may be served by service on its registered agent, Corporation Service Company DBA CSC – Lawyers Inco, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### IV. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case. The Plaintiff pleads pursuant to Rule 47, Tex. R. Civ. P. (c)(3) that Plaintiff RCR seeks monetary relief of not less than $250,000.

6. All jurisdictional requirements and conditions precedent to this suit have been completed, waived or excused by law.

7. The Court has venue over this dispute because Denton County is the County in which all or a substantial part of the events giving rise to the Plaintiff's claim occurred. Civ. Prac. & Rem. Code Sec. 152.002(1).

### V. FACTS

8. On March 9, 2022, RCR and Tilson entered into a contract ("The Master Construction Services Agreement") under which RCR was to perform services or Tilson in exchange for payment of a price set forth on an Order issued by Tilson.

9. RCR performed the services in accordance with the contract.

10. On October 17, 2023, RCR and Tilson entered into a contract pursuant to email communications whereby Tilson offered to pay RCR $339,155.83 in settlement of repayment of services performed by RCR, in which RCR clearly and unambiguously accepted such offer. **See Attached Exhibit A: RCR Tilson Agreement, Attached and Incorporated herein.**



PLAINTIFF'S ORIGINAL PETITION     PAGE 2

11.     After formation of the valid contract, Tilson anticipatorily breached the contract by stating that they did not intend to perform it.

12.     RCR relied upon the agreement and has sustained damages as a result of Tilson's actions.

13.     As a result of Tilson's breach of contract, RCR has sustained damages totaling $339,155.83 which they have not been paid.

14.     In the alternative, Tilson has failed to pay fair market value for the services RCR performed for it, causing Tilson to be liable under the theory of quantum meruit.

### VI.     CAUSES OF ACTION

*A. Breach of Contract*

15.     Plaintiff incorporates all the foregoing paragraphs as if fully stated herein.

16.     The Defendant breached the contract with the Plaintiff when the Defendants failed to pay the agreed upon amount of $339,155.83.

17.     The elements of a breach of contract claim are (1) the existence of a valid contract between plaintiff and defendant, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach of the contract, and (4) the plaintiff's damages as a result of the breach. *Prime Prods., Inc. v. S.S.I. Plastics, Inc., 97 S. W.3d 631, 636* (Tex. App.--Houston [1st Dist.] 2002, pet. denied). Furthermore, a party seeking to recover under a contract bears the burden of proving that all conditions precedent have been satisfied. *CDI Eng'g Group, Inc. v. Admin. Exch., Inc., 222 S.W.3d 544, 548* (Tex. App.--Houston [14th Dist.] 2007, pet. denied) (*citing Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 283* (Tex. 1998)).

18.     As detailed above, Defendants, entered into a contractual agreement with Plaintiffs. The terms of said Agreement were dictated by Defendants and agreed to by both parties.

Defendants failed to meet the agreed upon terms and as a result of said breach, Plaintiffs have been damaged.

**B. Fraud**

19. Plaintiff incorporates all the foregoing paragraphs as if fully stated herein.

20. Causes of action for fraudulent misrepresentations under Texas law require proof of five elements: (1) a representation; (2) that the speaker knew to be false or was made recklessly; (3) made with the intention to induce the plaintiff's reliance; (4) resulting in actual and justifiable reliance (5) that causes injury. *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)); *Arnette*, 454 B.R. at 680. The entire concept of a "misrepresentation" relies on a factual statement that is false or a promise of future performance made with the intent not to perform. *Spoljaric*, 708 S.W.3d at 434-35; *Arnette*, 454 B.R. at 681 (internal citations omitted). A "statement" can either be an overt expression or an omission where one is required. "[S]ilence may be equivalent to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). "Generally, no duty of disclosure arises without evidence of a confidential or fiduciary relationship," *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998), but in the absence of such a relationship, a duty to disclose can arise, for example, "when one makes a partial disclosure and conveys a false impression." *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 384 (Tex. App.- Houston [1st Dist.] 2010, pet. denied). Expressions of opinion without any factual underpinning cannot qualify as misrepresentations. *In re Westcap Enter.*, 230 F.3d 717, 726 (5th Cir. 2000). Such expressions qualify as puffery — mere statements of subjective opinion and not objective fact — rather than fraud. *See GJP, Inc. v. Ghosh,*

251 S.W.3d 854, 899 (Tex. App.-Austin 2008, no pet.). *Page v. Crown Ranch Dev. Ltd. (In re Crown Ranch Dev. Ltd.)*, Case No. 11-90052, 13-14 (BANKR. E.D. TEX. Mar. 29, 2012)

21.  To establish common fraud, a plaintiff must prove (1) the defendant made a material representation, (2) which was false, (3) which was either known to be false when made or which was recklessly made as a positive assertion without knowledge of its truth, (4) which the speaker made with intent that it be acted upon, and (5) the other party took action in reliance upon the misrepresentation, and (6) thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).

22.  As to the intent element, evidence must be presented that a representation was made with the intent to deceive and with no intention of performing as represented at the time the representation was made. *Formosa*, 960 S.W.2d at 48; *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986). The speaker's intent at the time of the representation may be inferred from the speaker's subsequent acts after the representation was made. *Spoljaric*, 708 S.W.2d at 434.

23.  As set forth in the foregoing causes of action, Defendants made false material representations to Plaintiffs through an overt expression and/or omission in order to receive goods or services from Plaintiff. Said actions were unlawful and the damages to Plaintiff were proximately caused by their acts.

### C. Negligence

24.  Plaintiff incorporates all the foregoing paragraphs as if fully stated herein.

25.  "Negligence is the failure to that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence

would not have done under the same or similar circumstances. *20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008); *Thompson v. Gibson*, 298 S.W.2d 97, 105 (Tex. 1957); *see also* State Bar of Texas, Texas Pattern Jury Charges PJC 2.1 (2012). Ordinary care means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJZC 2.1 (2012). Elements of negligence are:

    a.    duty owed by defendant to plaintiffs;

    b.    breach of that duty;

    c.    proximate cause of the plaintiffs' damages by defendant's breach; and

    d.    damages.

26. As a result of Defendants' negligence, Plaintiffs have been damaged in an amount that does not exceed the jurisdictional limits of this Court. Plaintiffs seek recovery of these damages from the Defendants.

### D. Texas Deceptive Trade Practices Act

27. Plaintiff incorporates all the foregoing paragraphs as if fully stated herein.

28. As Defendants have engaged in false, misleading and deceptive trade practices declared unlawful, they have violated and continue to violate TEX. BUS. & COM. CODE § 17.46(a) and (b) by engaging in one or more of the following acts or practices:

    a.    Engaging in false, misleading, or deceptive acts or practices in the conduct of trade and commerce, in violation of TEX. BUS. & COM. CODE § 17.46(a);

    b.    Representing that an agreement confers or involves remedies, or obligations which it does not have or which are prohibited by law, in violation of TEX. BUS. & COM. CODE § 17.46(b)(12);



c. Representing that work or services have been performed on or parts replaced in, goods when the work or services were not performed, or the parts replaced, in violation of TEX. BUS. & COM. CODE § 17.46(b)22); and

29. As a result of these deceptive practices, Plaintiffs have been damaged in an amount that does not exceed the jurisdictional limits of this Court. Plaintiffs seek recovery of these damages from the Defendants.

## VII.   CONDITIONS PRECEDENT

30. All conditions precedent to the filing of this Original Petition have occurred.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, RCR Telecon, LLC, prays for the following relief and judgment against Defendant:

(i) Judgment against Defendant for actual damages in an amount within the jurisdictional limits of this Court;

(ii) Attorney fees;

(iii) Pre-judgment interest and post-judgment interest accruing on said sums at the highest rated allowed by law;

(iv) All costs of court incurred herein; and

(v) Such other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled or is entitled, are entitled, or may be entitled.

Respectfully submitted,

*/s/ K. Michael Sturgill /s/*
**K. Michael Sturgill**
SBN: 24075588
Direct Telephone: 214-504-6318
Attorney's Email: mike@themislegalgroup.com



PLAINTIFF'S ORIGINAL PETITION                                                                 PAGE 7

**Philip Simpkins**
SBN: 24002947
Direct Telephone: 214-755-9030
Attorney's Email: philip@themislegalgroup.com

**THEMIS LEGAL GROUP, PLLC**
1452 Hughes Rd, Suite 200
Grapevine, Texas 76051
Office Telephone: 214-494-8044

**ATTORNEYS FOR PLAINTIFF**