IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RCR TELECON, LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 4:25-cv-00183-ALM |
| | § § | |
| TILSON TECHNOLOGY MANAGEMENT, INC., | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiff, RCR TELECON, LLC ("RCR" or "Plaintiff") and file this Amended Complaint against TILSON TECHNOLOGY MANAGEMENT, INC. ("TILSON" or "Defendant"), and would respectfully show the Court as follows:

**PARTIES**

1.  Plaintiff RCR TeleCon, LLC is a Texas limited liability company whose sole member resides in Carrollton, Texas.

2.  Defendant Tilson Technology Management, Inc. is a Maine corporation with its principal place of business in Portland, Maine and has appeared and answered in this case.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff RCR is a Texas limited liability company whose sole member is a Texas citizen. Defendant Tilson is a corporation organized under the laws of the State of Maine with its principal place of business in Portland, Maine.

4. This Court has personal jurisdiction over Tilson because Tilson regularly conducts business in the State of Texas, including contracting with Texas companies for services to be performed within the state. Tilson contracted with RCR, a Texas company, for services rendered in Texas, and communicated regularly with RCR within Texas. Tilson has also designated a registered agent for service of process in the State of Texas: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, RCR performed its work in Texas, incurred harm in Texas, and negotiated and attempted to resolve the dispute from its office in Carrollton, Texas. Finally, litigating elsewhere would cause RCR to suffer extreme physical and financial hardship.

## FACTUAL BACKGROUND

6. On or about March 9, 2022, RCR and Tilson entered into a Master Construction Services Agreement (the "MSA"). A true and correct copy of the MSA is attached as Exhibit B.

The MSA established the contractual framework for a series of construction and telecommunications infrastructure projects to be performed by RCR on behalf of Tilson.

7. Pursuant to the MSA and related purchase orders, RCR provided substantial construction services for various telecommunications sites across Texas. All or a substantial portion of the work was performed in Texas, and RCR's project management, administrative, and financial operations related to the Tilson projects were based out of its office in Carrollton, Texas.

8. All or a substantial portion of the work was performed in Texas, and RCR's project management, administrative, and financial operations related to the Tilson projects were based out of its office in Carrollton, Texas.

9. RCR fully performed its obligations under the MSA and submitted accurate and complete invoicing for the work performed.

10. In October 2023, after prolonged disputes and negotiations concerning unpaid balances, Tilson offered to settle the matter by paying RCR $339,155.83.

11. Tilson's Senior Counsel, Tuck O'Brien, explicitly confirmed in writing the company's commitment to pay that amount. A true and correct copy of the email correspondence memorializing this agreement is attached as Exhibit A.

12. Tilson knew that RCR would rely on this promise to pay, and in fact made the promise so that RCR would rely on that promise.

13. Tilson intended to deceive RCR into thinking that Tilson would pay RCR the amount it promised to pay.

14. Tilson never intended to pay RCR.

15. It was foreseeable that RCR would rely on Tilson's assertions—both under the MSA and the agreement to settle the matter.

16. RCR accepted the offer and agreed to invoice according to Tilson's stated instructions.

17. However, Tilson later reneged on the agreement, asserting vague and unsupported objections based on "incremental costs."

18. Despite having received the benefit of RCR's services, Tilson failed to remit payment under either the MSA or the October 2023 agreement.

19. Tilson's conduct constitutes a willful breach of its obligations.

20. RCR has suffered substantial harm, including loss of expected revenues and resources, in Texas.

21. All resulting harm occurred in Texas, where RCR is headquartered and from which it managed its contractual relationship with Tilson.

22. Although the MSA includes a forum selection clause identifying Maine as the chosen forum, Texas is the proper and appropriate forum for this dispute. Enforcing the clause would result in grave inconvenience and undue hardship to RCR, a small Texas-based business. Enforcement of the clause should be denied under the Fifth Circuit's "grave inconvenience" standard, as litigating this dispute in Maine would deprive RCR of its day in court, and all material events, damages, witnesses, and documents are located in Texas. Finally, litigating elsewhere would cause RCR to suffer extreme physical and financial hardship.

### CLAIMS FOR RELIEF

*Count I - Breach of Contract*

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24. RCR and Tilson entered into a valid and enforceable contract.

25. The parties entered into the MSA on March 9, 2022, and subsequently entered into an agreement to settle unpaid balances in October 2023.

26. RCR performed its obligations under the contract.

27. RCR fully performed its obligations under the MSA by providing construction services for various telecommunications sites across Texas and submitting accurate and complete invoicing for the work performed.

28. Tilson breached the contract.

29. Tilson breached the contract by failing to remit payment under both the MSA and the October 2023 agreement, despite having received the benefit of RCR's services.

30. RCR suffered damages as a result of Tilson's breach.

31. As a direct result of Tilson's breach, RCR has suffered substantial harm, including loss of expected revenues and resources, in the amount of at least $339,155.83. RCR may recover for the harm suffered by Tilson's breach. *Smith Int'l, Inc. v. Egle Grp.*, LLC, 490 F.3d 380, 387 (5th Cir. 2007).

32. Due to Tilson's conduct, RCR has incurred substantial costs to recover the unpaid amount, including but not limited to, attorneys fees.

33. RCR has also lost opportunities for work, such as contracts with other customers, due to Tilson's breach.

### Count II – Fraud

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. Tilson made a material misrepresentation to RCR.

36. In October 2023, Tilson, through its Senior Counsel Tuck O'Brien, explicitly confirmed in writing the company's commitment to pay RCR $339,155.83 to settle unpaid balances.

37. Tilson made the misrepresentation with knowledge of its falsity or with reckless disregard for its truth.

38. Tilson never intended to make payment on the agreed amount at the time it was agreed to but merely wanted to keep RCR at bay.

39. Tilson intended to induce RCR's reliance on the misrepresentation.

40. Tilson made the offer to settle and confirmed its commitment to pay in order to induce RCR to continue providing services and to refrain from pursuing legal action for the unpaid balances.

41. RCR justifiably relied on Tilson's misrepresentation.

42. RCR accepted Tilson's offer and agreed to invoice according to Tilson's stated instructions, demonstrating its reliance on Tilson's commitment to pay.

43. RCR suffered damages as a result of its reliance on Tilson's misrepresentation.

44. As a direct result of relying on Tilson's misrepresentation, RCR has suffered substantial harm, including loss of expected revenues and resources, in the amount of at least $339,155.83.

### *Count III – Negligence*

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. Tilson owed a duty of care to RCR.

47. As parties to a business agreement, Tilson owed RCR a duty to act in good faith and with reasonable care in their business dealings.

48. Tilson breached its duty of care to RCR.

49. Tilson breached its duty by failing to honor its payment obligations under the MSA and by reneging on the October 2023 agreement without justification.

50. Tilson's breach of duty caused harm to RCR.

51. As a direct result of Tilson's breach of duty, RCR has suffered substantial harm, including loss of expected revenues and resources.

52. RCR suffered damages as a result of Tilson's negligence.

53. RCR has incurred damages of at least $339,155.83 as a result of Tilson's negligence.

54. Tilson's negligence impacted RCR's business operations and reputation because, as a small business in Texas, RCR was forced to focus its resources on attempting to collect the money it was owed for the work that it performed for a larger company. This caused RCR to lose out on potential business and not be able to offer the same level of attention and care to its other clients.

### *Count IV - Deceptive Trade Practices*

55. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

56. Tilson engaged in false, misleading, or deceptive acts or practices.

57. Tilson engaged in deceptive practices by agreeing to pay $339,155.83 to settle the dispute and then reneging on that agreement, asserting vague and unsupported objections based on "incremental costs."

58. RCR relied on Tilson's deceptive act or practice to its detriment.

59. RCR relied on Tilson's agreement to pay by accepting the offer and agreeing to invoice according to Tilson's stated instructions, foregoing other potential remedies or actions to recover the unpaid balances.

60. Tilson's deceptive act or practice was a producing cause of economic damages to RCR.

61. As a direct result of Tilson's deceptive practices, RCR has suffered economic damages, including loss of expected revenues and resources, in the amount of at least $339,155.83.

62. Tilson's deceptive practices impacted RCR's business decisions and financial planning impacted RCR's business operations and reputation because, as a small business in Texas, RCR was forced to focus its resources on attempting to collect the money it was owed for the work that it performed for a larger company. This caused RCR to lose out on potential business and not be able to offer the same level of attention and care to its other clients.

### *Count V – Quantum Meruit*

63. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62 as if fully set forth herein.

64. In the alternative, RCR provided valuable services to Tilson with a reasonable expectation of payment.

65. Tilson knowingly accepted the benefits of these services and failed to compensate RCR.

66. RCR is entitled to recover the reasonable value of services rendered.

### *Count VI – Declaratory Judgment*

67. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 66 as if fully set forth herein.

68. An actual controversy exists regarding the parties' rights and obligations under the MSA, including Tilson's obligation to pay RCR.

69. RCR seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 affirming its rights to payment under the MSA and declaring Tilson in breach.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RCR prays for the following relief and judgment against Defendant:

A. Compensatory damages in the amount of $339,155.83 and any additional proven damages;

B. Prejudgment and post judgment interest;

C. Attorney's fees and costs;

D. Punitive damages for fraud and deceptive trade practices;

E. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Date: April 4, 2025,                                   Respectfully submitted,

*/s/ K. Michael Sturgill /s/*
**K. Michael Sturgill**
SBN:  24075588
Direct Telephone: 214-504-6318
Attorney's Email:
mike@themislegalgroup.com

**Philip Simpkins**
SBN:  24002947
Direct Telephone: 214-755-9030
Attorney's Email:
philip@themislegalgroup.com

**THEMIS LEGAL GROUP, PLLC**
1452 Hughes Rd, Suite 200
Grapevine, Texas 76051
Office Telephone: 214-494-8044

**ATTORNEYS FOR PLAINTIFF**